**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  EDCV 07-293-PA (OP)                          Date:  August 15, 2008

Title:  Gerald Davidson v. William Sullivan, Warden

---

PRESENT: THE HONORABLE     OSWALD PARADA         ☐   U.S. DISTRICT JUDGE

                                                  ☒   MAGISTRATE JUDGE

| Maynor Galvez | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
            NONE                                                NONE

**PROCEEDINGS:**    (IN CHAMBERS: ORDER RE: SUPPLEMENTAL BRIEFING)

On March 11, 2007, Gerald Davidson ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition").  On June 28, 2007, Respondent filed an Answer to Petition.  On August 24, 2007, the Court on its own motion granted Petitioner additional time to file a Reply brief.  To date, no Reply has been filed.

In his Petition, Petitioner alleges that (1) the Board of Parole Hearings ("BPH") violated his right to due process when it denied him "goodtime/worktime" credits; and (2) the BPH pressured him to sign its sentencing offer when he was being treated for mental incompetence and had not received proper medication.  (Pet. at 3-4.)

The Court notes that on September 2, 2007, Petitioner was scheduled to be released from custody.  (Lodgment 1.)  However, the Court has not received a change of address from Petitioner.  Thus, the critical issue is whether Petitioner is still in custody and, if not, whether the current Petition is moot by virtue of his release from prison.

The petition is moot if, at the time of the decision, the court can not redress the alleged wrong.  See North Carolina v. Rice, 404 U.S. 244, 246-48 (1971); Aaron v. Pepperas, 790 F. 2d 1360, 1362 (9th Cir. 1986).  The actual injury must be capable of redress by a favorable judicial decision.  Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  When the petition attacks the length of a term of incarceration that has already been served, the petition is moot.  See North Carolina, 404 U.S. at 246-48.  Federal courts do not have subject matter jurisdiction over a petition if it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  EDCV 07-293-PA (OP)                    Date:  August 15, 2008

Title:  Gerald Davidson v. William Sullivan, Warden

Page 2

---

moot.  United States v. Storer Broad. Co., 351 U.S. 192, 197 (1956). Without jurisdiction, the court cannot proceed on any case or issue, other than to dismiss the case for lack of jurisdiction.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  If Petitioner has been released, the Court may be without power to redress the alleged constitutional injury.

Accordingly, the Court requests supplemental briefing with respect to the issue of whether Petitioner has been released from custody and, if so, whether this renders the current Petition moot.  Respondent shall file a supplemental brief addressing the foregoing issue no later than thirty (30) days from the date of this order.  Petitioner shall have thirty (30) days from the filing of Respondent's supplemental brief to file a response, if any.

**IT IS SO ORDERED.**

cc:        All Parties of Record

Initials of Deputy Clerk  MG

CV-90 (10/98)
CIVIL   MINUTES   -    GENERAL